UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL JOHN SARNO, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 23-0702 (ABJ) |
| DEPARTMENT OF JUSTICE, et al., | ) ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS**

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................... 1

BACKGROUND ............................................................................................................................. 2

LEGAL STANDARD...................................................................................................................... 4

ARGUMENT ................................................................................................................................... 5

I.      Plaintiff Failed to Exhaust Any FOIA Claim Against ATF, the Archives, or the Office of Information Policy. ............................................................................................................. 6

II.     Plaintiff's APA Claims are Not Cognizable. ....................................................................... 9

III.    The Department of Justice Should Be Substituted as Defendant on Count I. .................. 11

CONCLUSION.............................................................................................................................. 12

## TABLE OF AUTHORITIES

Page(s)

Cases

*Abhe & Svoboda, Inc. v. Chao*,
  508 F.3d 1052 (D.C. Cir. 2007) ............................................................................................... 5
*Acosta v. FBI*,
  Civ. A. No. 12-1578 (JEB), 2013 WL 1633068 (D.D.C. Apr. 17, 2013) ................................. 6
*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .............................................................................................................. 4, 5
*Banks v. Lappin*,
  539 F. Supp.2d 228 (D.D.C. 2008) .......................................................................................... 5
*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .............................................................................................................. 4, 5
*Bonner v. Soc. Sec. Admin.*,
  574 F. Supp. 2d 136 (D.D.C. 2008) ......................................................................................... 6
*Bowen v. Massachusetts*,
  487 U.S. 879 (1988) ............................................................................................................... 10
*Chaverra v. U.S. Immigr. & Customs Enf't*,
  Civ. A. 18-0289 (JEB) 2018 WL 4762259 (D.D.C. Oct. 2, 2018) ......................................... 10
*Citizens for Responsibility & Ethics in Wash. v. FEC*,
  711 F.3d 180 (D.C. Cir. 2013) ................................................................................................. 7
*Citizens for Resp. & Ethics in Washington v. United States Dep't of Just.*,
  846 F.3d 1235 (D.C. Cir. 2017) ............................................................................................. 10
*Cloonan v. Holder*,
  768 F. Supp. 2d 154 (D.D.C. 2011) ....................................................................................... 11
*Cole v. Dep't of Just.*,
  905 F. Supp. 2d 293 (D.D.C. 2012) ......................................................................................... 7
*Defenders of Wildlife v. U.S. Border Patrol*,
  623 F. Supp. 2d 83 (D.D.C. 2009) ....................................................................................... 5, 8
*Dettmann v. Dep't of Just.*,
  802 F.2d 1472 (D.C. Cir. 1986) ............................................................................................... 7
*Earle v. United States Dep't of Just.*,
  217 F. Supp. 3d 117 (D.D.C. 2016) ....................................................................................... 11
*El Rio Santa Cruz Neighborhood Health Center, Inc. v. U.S. Dep't of Health & Human Servs.*,
  396 F.3d 1265 (D.C. Cir. 2005) ............................................................................................. 10
*Evans v. Bureau of Prisons*,
  951 F.3d 578 (D.C. Cir. 2020) ................................................................................................. 7
*Flaherty v. President of U.S.*,
  796 F. Supp. 2d 201 (D.D.C. 2011) ......................................................................................... 5
*Garcia v. Vilsack*,
  563 F.3d 519 (D.C. Cir. 2009) ............................................................................................... 10
*Haines v. Gen. Pension Plan of Int'l Union of Operating Eng'rs*,
  965 F. Supp. 2d 119 (D.D.C. 2013) ......................................................................................... 5

*Harvey v. Lynch*,
  123 F. Supp. 3d 3 (D.D.C. 2015) .................................................................................... 10
*Hidalgo v. FBI*,
  344 F.3d 1256 (D.C. Cir. 2003) ....................................................................................... 6
*Hoeller v. Soc. Sec. Admin.*,
  670 F. App'x 413 (7th Cir. 2016) .................................................................................... 6
*Holt v. U.S. Dep't of Just.*,
  734 F. Supp. 2d 28 (D.D.C. 2010) ................................................................................ 11
*Ivey v. Paulson*,
  227 F. App'x 1 (D.C. Cir. 2007) .................................................................................. 6, 8
*Jack's Canoes & Kayaks, LLC v. Nat'l Park Serv.*,
  937 F. Supp. 2d 18 (D.D.C. 2013) .................................................................................. 4
*Johnson v. Executive Office for U.S. Attorneys*,
  310 F.3d 771 (D.C. Cir. 2002) ....................................................................................... 10
*Keys v. Dep't of Homeland Sec.*,
  570 F. Supp. 2d 59 (D.D.C. 2008) .................................................................................. 9
*Kissinger v. Reps. Comm. for Freedom of the Press*,
  445 U.S. 136 (1980) ................................................................................................. 1, 2, 8
*McGehee v. C.I.A.*,
  697 F.2d 1095 (D.C. Cir. 1983) ...................................................................................... 9
*McGehee v. Cent. Intel. Agency*,
  711 F.2d 1076 (D.C. Cir. 1983) ...................................................................................... 9
*Mingo v. U.S. Dep't of Just.*,
  793 F. Supp. 2d 447 (D.D.C. 2011) .............................................................................. 11
*Nat'l Pub. Radio, Inc. v. United States Dep't of the Treasury*,
  Civ. A. No. 19-0017 (JDB), 2021 WL 1850696 (D.D.C. Mar. 31, 2021) ...................... 9
*Oglesby v. Dep't of Army*,
  920 F.2d 57 (D.C. Cir. 1990) .......................................................................................... 6
*Porter v. CIA*,
  778 F. Supp. 2d 60 (D.D.C. 2011) .................................................................................. 5
*Ray v. Fed. Bureau of Prisons*,
  811 F. Supp. 2d 245 (D.D.C. 2011) .............................................................................. 10
*Sarno v. United States Dep't of Just.*,
  278 F. Supp. 3d 112 (D.D.C. 2017) ................................................................................ 1
*Taylor v. Appleton*,
  30 F.3d 1365 (11th Cir. 1994) ......................................................................................... 7
*Tereshchuk v. Bureau of Prisons*,
  851 F. Supp. 2d 157 (D.D.C. 2012) ................................................................................ 5
*Tereshchuk v. Bureau of Prisons*,
  Civ. A. No. 14-5278, 2015 WL 4072055 (D.C. Cir. June 29, 2015) ............................ 10
*Truesdale v. U.S. Dep't of Just.*,
  731 F. Supp. 2d 3 (D.D.C. 2010) .................................................................................... 9
*Washington v. Bd. of Governors of the Fed. Reserve Sys.*,
  669 F. Supp. 2d 126 (D.D.C. 2009) ................................................................................ 5
*Wilbur v. CIA*,
  355 F.3d 675 (D.C. Cir. 2004) ........................................................................................ 6

*Yates v. Dist. of Columbia*,
  324 F.3d 724 (D.C. Cir. 2003) ................................................................................................. 5

Statutes

5 U.S.C. § 552(a)(4)(B) ............................................................................................................ 8, 11
5 U.S.C. § 704 ................................................................................................................................ 1

Rules

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 4, 5

## INTRODUCTION

At the heart of Plaintiff's lengthy Complaint lies a simple, straightforward claim: that the FBI allegedly improperly withheld agency records in response to Plaintiff's January 24, 2020, Freedom of Information Act ("FOIA") request. ECF No. 1 ¶¶ 39-59. To find that cognizable claim within the operative Complaint, however, one must wade through extraneous and lengthy allegations concerning: a lawsuit that Plaintiff dismissed after a full and fair opportunity to litigate, *see Sarno v. Dep't of Just.*, 278 F. Supp. 3d 112 (D.D.C. 2017); parties that the Complaint concedes did not receive a FOIA request from Plaintiff; and claims under the Administrative Procedure Act ("APA") that are plainly barred by section 704 of the APA. 5 U.S.C. § 704. But, despite the Government's efforts to conserve this Court's and the parties' resources by proposing that the parties proceed in this action on the sole cognizable claim alone,[1] *cf.* ECF No. 20, Plaintiff has declined those entreaties and instead wishes to assert claims that are defective as a matter of law.

Before the case proceeds further, this Court should narrow this case and dismiss all claims except a single FOIA claim against the Department of Justice based on the FBI's response to Plaintiff's January 24, 2020, FOIA request. Plaintiff's FOIA requests asserted against the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), the Office of Government Information Services (a component of the National Archives and Records Administration) (the "Archives"), and the Justice Department's Office of Information Policy (collectively, the "Agencies") (Counts III, V, and VI), should be dismissed because both the Complaint and the attached exhibits make plain that Plaintiff submitted the January 24, 2020, FOIA request to the FBI—not to the Agencies—and Plaintiff thus has failed to exhaust administrative remedies as to these other

---

[1]   Between assignment to this case and the filing of this instant motion, on several occasions undersigned counsel attempted to confer with Plaintiff's counsel regarding the legal sufficiency of Counts II through VI, citing the arguments herein as the basis for dismissing the claims.

components of the Justice Department because they have not unlawfully withheld agency records in response to a proper FOIA request. *Kissinger v. Reps. Comm. for Freedom of Press*, 445 U.S. 136, 150 (1980). Moreover, Plaintiff cannot separately maintain APA claims in this lawsuit because he possesses another adequate remedy at law—specifically, the exact private right of action under FOIA that he asserts in this lawsuit.

For the reasons that follow, Defendants respectfully request that this Court grant this motion and dismiss Counts II through VI of the Complaint, and also substitute the Department of Justice for the FBI as the proper defendant for Count I.

## BACKGROUND

Plaintiff's Complaint stems from a January 24, 2020, FOIA request, that he submitted to the FBI. ECF No. 1 ¶ 39; ECF No. 1-7. Plaintiff alleges that, in response, the FBI admitted in July 2020 that it possessed responsive records. ECF No. 1, ¶ 40; ECF No. 1-8. On October 28, 2020, the FBI issued a response to Plaintiff that reported that it was releasing 18 pages that were released pursuant to Exemptions 3, 6, 7(C), 7(D), and 7(E). ECF No. 1-10. The FBI also informed Plaintiff that it had located records that "originated with, or contained information concerning, Other Government Agency" and that the FBI had referred the information to that other agency for direct response to Plaintiff. *Id.* As Plaintiff admits, the ATF replied directly to Plaintiff on August 11, 2021, with three pages of partially redacted information that the FBI had referred to ATF for review and direct release. ECF No. 1-16.

Plaintiff alleges that he submitted an administrative appeal to the Office of Information Policy concerning the FBI's response to his FOIA request. *See* ECF No. 1-17 at 3 ("This is to advise you that the Office of Information Policy . . . received your administrative appeal from the action of the FBI regarding Request No. 1458132-000 on 11/4/2021."); *id.* at 5 ("Our [ ] Request to the FBI was submitted nearly two years ago in January 2020 and remains unanswered."); *id.*

2

at 6 ("On January 24, 2020, a [ ] Request was submitted to the FBI requesting the LaGrange Park Materials."). The Office of Information Policy ultimately affirmed the FBI's determinations on May 25, 2022. ECF No. 1-25.

In addition, Plaintiff also names ATF as a defendant in this action. Plaintiff does not allege that he submitted a second FOIA request to ATF following dismissal of his prior lawsuit against ATF. Yet the overwhelming majority of the allegations in the Complaint pertain to a prior lawsuit that Plaintiff litigated against the ATF until it was dismissed by stipulation. *See* ECF No. 1, ¶¶ 27-38, 53. The only allegations related to ATF relevant to the instant lawsuit are those related to the direct referral that FBI made to ATF. As discussed above, the FBI directly referred certain records that FBI found in its custody that "originated with, or contained information concerning," ATF and ATF provided Plaintiff a direct reply following that referral. ECF No. 1-10; ECF No. 1-16.

As to the Archives and the Office of Information Policy, Plaintiff's Complaint never alleges that Plaintiff submitted a FOIA request to either of these components—much less that either improperly withheld agency records in response. Rather, the Complaint alleges that Plaintiff was dissatisfied with each component's actions during the now-completed administrative proceedings attendant to the January 24, 2020, FOIA request that Plaintiff submitted to the FBI. For example, as to the Archives, Plaintiff alleges that the Archives responded to several of his requests for mediation while his FBI FOIA request remained pending at the administrative level. ECF No. 1, ¶¶ 44-46, 50, 58. As to the Office of Information Policy, Plaintiff alleges that Office reviewed his administrative appeals after the FBI issued determinations on Plaintiff's FOIA request but ultimately affirmed the FBI's responses. ECF No. 1, ¶¶ 48, 59, 83-89.

Plaintiff filed the instant complaint on March 15, 2023. ECF No. 1. Defendants requested, and this Court granted, two motions for extension of time to permit Defendants to investigate the claims asserted in the Complaint. *See* Minute Orders dated September 8, 2023, and October 10, 2023. The most recent extension that this Court granted stemmed from Defendants' efforts to "narrow[] [the] issues in this case—specifically, issues regarding cognizable claims and the proper parties to this action—so as to conserve the parties' and the Court's time and resources." ECF No. 20 at 1. When those efforts hit a wall, *see supra* n.1, the instant motion followed.

## LEGAL STANDARD

A motion made under Rule 12(b)(6) tests whether a complaint has successfully "state[d] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While detailed factual allegations are not necessary to withstand a Rule 12(b)(6) challenge, a plaintiff must nonetheless provide "more than labels or conclusions" or "a formulaic" recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible only when a plaintiff pleads factual content that enables the Court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

While the Court must assume that any "well-pleaded factual allegations" in a complaint are accurate, conclusory allegations "are not entitled to the assumption of truth." *Id.* at 679. Further, the Court "need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint. Moreover, the court is not bound to accept as true a legal conclusion couched as a factual allegation." *Jack's Canoes & Kayaks, LLC v. Nat'l*

*Park Serv.*, 937 F. Supp. 2d 18, 27 (D.D.C. 2013) (internal quotation marks and citations omitted). A complaint that "pleads facts that are merely consistent with a defendant's liability, [ ] stops short of the line between possibility and plausibility of entitlement to relief," and is insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 55, 557) (internal quotation marks omitted). "In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice." *Haines v. Gen. Pension Plan of Int'l Union of Operating Eng'rs*, 965 F. Supp. 2d 119, 123 (D.D.C. 2013) (citing *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007) (internal quotation marks and citation omitted)).

Although FOIA cases "typically and appropriately are decided on motions for summary judgment," *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009), where an agency argues that the requester has failed to exhaust his administrative remedies, courts analyze the matter under Rule 12(b)(6) for failure to state a claim. *Tereshchuk v. Bureau of Prisons*, 851 F. Supp. 2d 157, 161–62 (D.D.C. 2012); *accord Banks v. Lappin*, 539 F. Supp.2d 228, 234–35 (D.D.C. 2008); *Flaherty v. President of U.S.*, 796 F. Supp. 2d 201, 207 (D.D.C. 2011); *Porter v. CIA*, 778 F. Supp. 2d 60, 65 (D.D.C. 2011); *Yates v. District of Columbia*, 324 F.3d 724, 725 (D.C. Cir. 2003); *Citizens for Resp. & Ethics in Wash. ("CREW") v. Bd. of Governors of the Fed. Reserve Sys.*, 669 F. Supp. 2d 126, 128–29 (D.D.C. 2009).

## ARGUMENT

This case should be narrowed to only Count I—the FOIA claim that alleges that the FBI has failed to respond to Plaintiff's January 24, 2020, FOIA request. By Plaintiff's own admission, this is the only FOIA request at issue in this lawsuit. ECF No. 1, ¶¶ 39-59. Plaintiff has otherwise

5

failed to exhaust any other FOIA claims, and has an adequate remedy at law such that he cannot maintain a cognizable APA claim here.

## I. Plaintiff Failed to Exhaust Any FOIA Claim Against ATF, the Archives, or the Office of Information Policy.

Counts III, V, and VI purport to assert claims under the FOIA against the Agencies. These claims should be dismissed because Plaintiff has failed to exhaust administrative remedies. Plaintiff's Complaint concedes that he has not submitted any FOIA request to these components.

Before seeking relief in federal court, a plaintiff must exhaust the administrative remedies available under the FOIA. *Oglesby v. Dep't of Army*, 920 F.2d 57, 61-62 (D.C. Cir. 1990); *see also Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) ("exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA") (citation and internal quotation marks omitted). As the D.C. Circuit has explained, exhaustion is necessary "so that [an] agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Oglesby*, 920 F.2d at 61. Generally, exhaustion of administrative remedies is a "condition precedent" to filing suit, and failure to exhaust operates as a "jurisprudential doctrine" to bar premature judicial review. *Bonner v. Soc. Sec. Admin.*, 574 F. Supp. 2d 136, 138-139 (D.D.C. 2008) (citing *Hidalgo v. FBI*, 344 F.3d 1256, 1258, 1260 (D.C. Cir. 2003) (remanding for dismissal for failure to state a claim upon which relief may be granted)); *accord Ivey v. Paulson*, 227 F. App'x 1 (D.C. Cir. 2007); *see also Acosta v. FBI*, Civ. A. No. 12-1578 (JEB), 2013 WL 1633068, at *2 (D.D.C. Apr. 17, 2013) (quoting *Oglesby*, 920 F.2d at 61) ("Exhaustion is required so 'the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.'"); *Hoeller v. Soc. Sec. Admin.*, 670 F. App'x 413, 414 (7th Cir. 2016) ("exhaustion must be completed before initiating

suit in order to realize the goal of allowing administrative remedies to relieve the burden of litigation on the courts"); *Taylor v. Appleton*, 30 F.3d 1365, 1369 (11th Cir. 1994) ("Allowing a FOIA requester to proceed immediately to court to challenge an agency's initial response would cut off the agency's power to correct or rethink initial misjudgments or errors.").

In short, exhaustion of administrative remedies in a FOIA case is treated as an element of a FOIA claim, which, as with all elements of any claim, must be proved by the plaintiff to prevail. *Dettmann v. Dep't of Just.*, 802 F.2d 1472, 1476 (D.C. Cir. 1986) ("It goes without saying that exhaustion of remedies is required in FOIA cases."); *cf. Cole v. Dep't of Just.*, 905 F. Supp. 2d 293, 296–97 (D.D.C. 2012).  A FOIA requester fails to exhaust administrative remedies whenever the requester does not comply with the administrative process set forth under FOIA; this includes a failure to submit a proper FOIA request to an agency. *Evans v. Bureau of Prisons*, 951 F.3d 578, 583 (D.C. Cir. 2020) (quoting 5 U.S.C. § 552(a)(3)(A)) ("[u]nder FOIA, an agency is only obligated to release nonexempt records if it receives a request that 'reasonably describes such records.'"); *CREW v. FEC*, 711 F.3d 180, 185 n.3 (D.C. Cir. 2013) ("duties that FOIA imposes on agencies . . . apply only once an agency has received a proper FOIA request.").

Here, Plaintiff's Complaint concedes that there is only a single FOIA request at issue here: Plaintiff's January 24, 2020, FOIA request to the FBI.  ECF No. 1, ¶ 39; ECF No. 1-7.  Plaintiff directed this FOIA request solely to the FBI.  ECF No. 1-7.  Plaintiff's Complaint and attachments further concede that the FBI provided Plaintiff with a response that released responsive records to Plaintiff and informed Plaintiff that another government agency component would provide a further direct response.  ECF No. 1-10.  Plaintiff's administrative appeal to the Office of Information Policy concerned only this FOIA request submitted to the FBI.  *See* ECF No. 1-17 at 3 ("This is to advise you that the Office of Information Policy . . . received your administrative

appeal from the action of the FBI regarding Request No. 1458132-000 on 11/4/2021."); *id.* at 5 ("Our [ ] Request to the FBI was submitted nearly two years ago in January 2020 and remains unanswered."); *id.* at 6 ("On January 24, 2020, a [ ] Request was submitted to the FBI requesting the LaGrange Park Materials."). And the Office of Information Policy ultimately affirmed the FBI's determinations. ECF No. 1-25. Accordingly, Plaintiff has only exhausted a FOIA claim against the FBI, and any claims against the remaining Department of Justice components should be dismissed for failure to exhaust administrative remedies.

Plaintiff's Complaint confirms that he never submitted any FOIA request to either the Archives or the Office of Information Policy. Rather, Plaintiff's sole issue with the Archives is that it allegedly "never offered Sarno mediation or any other assistance, despite his numerous requests for assistance in getting the FBI to produce the documents it admittedly had possession of." ECF No. 1, ¶ 81. Setting aside that Plaintiff's own complaint demonstrates the utter falsity of this allegation—*see id.* ¶ 46 (alleging that the Archives "contacted the [FBI] on your behalf regarding this matter"); *see also* ECF No. 1-13—it is completely beside the point because Plaintiff has failed to allege that the Archives has unlawfully withheld any agency records. *Kissinger*, 445 U.S. at 150 ("Under 5 U.S.C. § 552(a)(4)(B) federal jurisdiction is dependent upon a showing that an agency has (1) "improperly"; (2) "withheld"; (3) "agency records." Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation."). Plaintiff's allegation that the Office of Information Policy "failed to oversee the FBI's compliance with the FOIA" and "incorrectly affirmed the FBI's action on our request," ECF No. 1, ¶¶ 88-89, likewise fails to allege that the Office of Information Policy improperly withheld agency records. *Kissinger*, 445 U.S. at 150.

Finally, although the ATF provided a direct response to Plaintiff's request after the FBI referred the request to ATF for direct reply, that does not demonstrate that Plaintiff submitted a proper FOIA request to the ATF that Plaintiff has now exhausted.  It is clearly established in this Circuit that, "when an agency receives a FOIA request for 'agency records' in its possession, it must take responsibility for processing the request. It cannot simply refuse to act on the ground that the documents originated elsewhere." *McGehee v. CIA*, 697 F.2d 1095, 1110 (D.C. Cir. 1983), *on reh'g*, 711 F.2d 1076 (D.C. Cir. 1983).  As the original recipient of Plaintiff's January 24, 2020, FOIA request, therefore, the FBI "is the agency ultimately responsible for responding to the request"—not the ATF.  *Keys v. Dep't of Homeland Sec.*, 570 F. Supp. 2d 59, 70 (D.D.C. 2008); *accord Nat'l Pub. Radio, Inc. v. Dep't of Treasury*, Civ. A. No. 19-0017 (JDB), 2021 WL 1850696, at *2 (D.D.C. Mar. 31, 2021); *Truesdale v. Dep't of Just.*, 731 F. Supp. 2d 3, 8 (D.D.C. 2010).

As Plaintiff failed to exhaust his administrative remedies as to Counts III, V, and VI, the Court should dismiss those claims from this case.

**II.     Plaintiff's APA Claims are Not Cognizable.**

Counts II and IV, although styled as claims under the APA, truly sound in the FOIA.  Plaintiff's Complaint alleges that the FBI "has unreasonably delayed its duty to Sarno, as almost three years has passed since the FBI received Mr. Sarno's [FOIA] request" even though "[t]he FOIA statutes clearly set an expectation of 20 days, which has not been met in this matter."  ECF No. 1 ¶¶ 66, 68.  Plaintiff makes identical allegations as to ATF.  *Id.* ¶¶ 75, 77.  These claims should be dismissed because Plaintiff has an adequate remedy under the law in the FOIA.

"Although the APA was enacted to 'provid[e] a broad spectrum of judicial review of agency action,' such review is only permissible if 'there is no other adequate remedy' at law." *Chaverra v. Immigr. & Customs Enf't*, Civ. A. No. 18-0289 (JEB), 2018 WL 4762259, at *3 (D.D.C. Oct. 2, 2018) (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) and 5 U.S.C.

9

§ 704). "The relevant question under the APA, then, is not whether private lawsuits against the third-party wrongdoer are as effective as an APA lawsuit against the regulating agency, but whether the private suit remedy provided by Congress is adequate." *Garcia v. Vilsack*, 563 F.3d 519, 525 (D.C. Cir. 2009). "[I]n determining whether an adequate remedy exists, [the D.C. Circuit] has focused on whether a statute provides an independent cause of action or an alternative review procedure." *El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. Dep't of Health & Human Servs.*, 396 F.3d 1265, 1270 (D.C. Cir. 2005). Critically, the D.C. Circuit has expressly held that "FOIA offers an 'adequate remedy' within the meaning of section 704." *CREW v. Dep't of Just.*, 846 F.3d 1235, 1245 (D.C. Cir. 2017); *accord Harvey v. Lynch*, 123 F. Supp. 3d 3, 7–8 (D.D.C. 2015) ("[C]ourts in this Circuit have uniformly concluded that they lack jurisdiction over APA claims that seek remedies available under FOIA." (cleaned up)).

Here, because FOIA provides an adequate remedy for the relief sought, Plaintiff's APA claims should be dismissed as "barred."[2] *Tereshchuk v. Bureau of Prisons*, Civ. A. No. 14-5278, 2015 WL 4072055, at *1 (D.C. Cir. June 29, 2015) (per curiam); *see Ray v. Fed. Bureau of Prisons*, 811 F. Supp. 2d 245, 249 (D.D.C. 2011) (citing *Johnson v. Exec. Off. for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002)) ("As a general rule, the FOIA is the exclusive remedy for obtaining improperly withheld agency records.")).

Accordingly, Counts II and IV should be dismissed.

---

[2]   This is true even as to Count IV against ATF—notwithstanding the fact that Plaintiff has failed to exhaust those administrative remedies. "Remedies that are not as effective can nevertheless be adequate, and the possibility that a plaintiff might fare worse under FOIA does not entitle [him] to bring a claim under the APA." *Chaverra*, 2018 WL 4762259, at *4 (D.D.C. Oct. 2, 2018) (cleaned up). Thus, it suffices that the FOIA itself offers an adequate remedy to Plaintiff, not whether Plaintiff actually can recover under that adequate remedy. *CREW*, 846 F.3d at 1245-46.

### III.     The Department of Justice Should Be Substituted as Defendant on Count I.

"[T]he district court . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).  There is a split of authority within this Circuit, however, as to whether the components of a federal agency are proper parties in a FOIA action.  *Earle v. Dep't of Just.*, 217 F. Supp. 3d 117, 119 n.1 (D.D.C. 2016) (noting split of authority); *compare also Holt v. Dep't of Just.*, 734 F. Supp. 2d 28, 33 n.1 (D.D.C. 2010) (in FOIA suit against Justice Department and certain Department components, noting that the Justice Department "is an executive agency to which the FOIA applies, and the Court considers the [Department] as the proper party defendant."), *with Cloonan v. Holder*, 768 F. Supp. 2d 154, 162 (D.D.C. 2011) ("[T]his Court has previously held that naming components as defendants under the Privacy Act is appropriate since the statute's plain language is clear that 'an agency need not be a cabinet-level agency such as the [Justice Department]' to be liable.").  Where Plaintiff names both the Department of Justice and its components as defendants in a FOIA lawsuit, however, "courts in this Circuit have dismissed the component parties where the [Department] is a properly named defendant."  *Earle*, 217 F. Supp. 3d at 119 n.1; *see also Mingo v. Dep't of Just.*, 793 F. Supp. 2d 447, 451 (D.D.C. 2011) ("Nevertheless, the Court will grant the motion to dismiss BOP because DOJ is a co-defendant in this action, and the Plaintiff has not contested this part of the Defendants' dispositive motion.").

Here, Plaintiff has named the Department of Justice as a defendant in this action.  *See generally* ECF No. 1.  As such, this Court should dismiss the FBI, a component of the Department of Justice, because Plaintiff has properly named the Department as a defendant.  *Earle*, 217 F. Supp. 3d at 119 n.1.

11

## CONCLUSION

For all these reasons, Defendant respectfully requests that this Court dismiss Counts II through VI in Plaintiff's Complaint and substitute the Department of Justice for the FBI as the proper defendant for Count I.

Date: November 3, 2023

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK,
Chief, Civil Division

By: /s/ *Stephen DeGenaro*
STEPHEN DEGENARO
D.C. Bar #1047116
Assistant United States Attorney
601 D St., N.W.
Washington, D.C.  20530
(202) 252-7229
Stephen.DeGenaro@usdoj.gov

*Attorneys for the United States of America*