UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHAEL JOHN SARNO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF JUSTICE, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 23-0702 (ABJ) |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS**

Defendants respectfully submit this reply in further support of their partial motion to dismiss. Rather than narrow the case to the sole cognizable claim that Defendants agree Plaintiff may pursue—specifically, Count I against the Department of Justice based on the allegation that the Federal Bureau of Investigation ("FBI") improperly withheld records in response to Plaintiff's January 24, 2020, Freedom of Information Act ("FOIA") request—his opposition continues to attempt to complicate the litigation by asserting unexhausted and legally defective claims against improper parties that no longer have any role in Plaintiff's FOIA request. For the reasons that follow, Defendants respectfully request that this Court grant this motion and dismiss Counts II through VI of the Complaint, and also substitute the Department of Justice for the FBI as the proper defendant for Count I.

**ARGUMENT**

**I.    Count III, Plaintiff's FOIA Claim Against ATF, is Not Cognizable.**

Defendants' opening memorandum demonstrated that, by Plaintiff's own admission, the only FOIA request at issue in this lawsuit that Plaintiff has not previously sued on is the one that Plaintiff submitted to the FBI on January 24, 2020. ECF No. 1 ¶¶ 39-59. Seeking to avoid the

conclusion that he failed to exhaust administrative remedies before suing the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), Plaintiff contends that he may proceed on Count III because Plaintiff had submitted a completely separate FOIA request to the ATF over nine years ago—a request that eventually resulted in a lawsuit that Plaintiff dismissed after a full and fair opportunity to litigate. *See Sarno v. Dep't of Just.*, 278 F. Supp. 3d 112 (D.D.C. 2017). According to Plaintiff, therefore, his administrative remedies as to the ATF "remain exhausted." ECF No. 24 at 7. This argument lacks merit because any lawsuit stemming from his 2014 FOIA request to the ATF is untimely.

"The applicable statute of limitations for FOIA actions is 28 U.S.C. § 2401(a), which requires that a complaint be filed within six years of the accrual of a claim." *Aftergood v. CIA*, 225 F. Supp. 2d 27, 29 (D.D.C. 2002) (citing 5 U.S.C. § 552). "[A] FOIA claim accrues once the claimant has constructively exhausted his or her administrative remedies." *Id.* "[O]nce a suit is dismissed, even if without prejudice, 'the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.'" *Ciralsky v. CIA*, 355 F.3d 661, 672 (D.C. Cir. 2004) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000)). "In short, 'when a suit is dismissed without prejudice, the statute of limitations is deemed unaffected by the filing of the suit, so that if the statute of limitations has run the dismissal is effectively with prejudice.'" *Id.* (quoting *Elmore*, 227 F.3d at 1011).

Here, Plaintiff concedes that any putative claim that had against the ATF predicated on that 2014 FOIA request accrued when the Office of Information Policy denied his appeal on September 4, 2015. ECF No. 1 ¶ 31; ECF No. 24 at 5. The time to bring any lawsuit stemming

from that FOIA request expired over two years ago. *Aftergood*, 225 F. Supp. 2d at 29. Thus, the statute of limitations bars any attempt to relitigate the ATF's response to the 2014 FOIA request.

### II.     Counts II and IV, Plaintiff's APA Claims, are Not Cognizable.

Defendants demonstrated that binding D.C. Circuit precedent forecloses Plaintiff from asserting Counts II and IV—his two claims under the Administrative Procedure Act ("APA") against the FBI and the ATF, respectively, because Plaintiff possesses an adequate remedy under the FOIA to trigger section 704's adequate remedy bar. *Citizens for Resp. & Ethics in Wash. ("CREW") v. Dep't of Just.*, 846 F.3d 1235, 1245 (D.C. Cir. 2017). Plaintiff's opposition pays lip service to that precedent, *see* ECF No. 24 at 7, although he asserts without support that the decision in *CREW* is confined to the facts of that particular case. Plaintiff instead asserts that courts within this Circuit have permitted plaintiffs to "pursue both FOIA and APA claims when the FOIA cannot provide the plaintiff with an adequate remedy." *Id.*

Plaintiff's case law for this proposition is not persuasive, let alone binding, and in fact, in some of the cases the courts expressly held the opposite. For example, in *National Security Counselors v. CIA*, 898 F. Supp. 2d 233, 264 (D.D.C. 2012), the Court expressly determined that "where a plaintiff claims that an agency has wrongfully withheld agency records in connection with discrete FOIA requests, an APA claim seeking compelled disclosure of the withheld records is precluded." Undoubtedly, that decision did go on to discuss the "equitable powers" that courts have to enforce the terms of the FOIA. *See id.* at 264-66. But that equitable relief—stemming from a policy-or-practice claim pursuant to *Payne Enterprises v. United States*, 837 F.2d 486 (D.C. Cir. 1987)—is found within FOIA itself, and not, as Plaintiff contends in his brief, under the APA.[1]

---

[1]     Although *National Security Counselors* acknowledged that claims predicated upon violation of an agency's own regulations could sound under the APA, the court made clear that such relief under the APA does not extend to "the procedural requirements of the FOIA itself." *Id.*

The D.C. Circuit's decision in *National Security Counselors v. CIA*, 969 F.3d 406 (D.C. Cir. 2020), likewise does not support Plaintiff's argument—the opinion does not even discuss the putative APA claims asserted in that litigation.

The district court decisions in *Ray v. Federal Bureau of Prisons*, 672 F. Supp. 2d 75, 80 (D.D.C. 2009), and *Muttitt v. U.S. Central Command*, 813 F. Supp. 2d 221, 227 (D.D.C. 2011), are likewise inapposite. Most critically, both *Ray* and *Muttitt* pre-date the D.C. Circuit's binding decision in *CREW* that determined as a matter of first impression that "FOIA offers an 'adequate remedy' within the meaning of section 704 such that CREW's APA claim is barred." *CREW*, 846 F.3d at 1246. Moreover, Plaintiff's opposition elides that the *Muttitt* Court reached the same conclusion that Defendants urge here—that section 704 bars Plaintiff's APA claims because "the Court has the power under FOIA and *Payne* [*Enterprises*] to provide the requested declaratory and injunctive remedies." *Muttitt*, 813 F. Supp. 2d at 227. Finally, the *Ray* decision—which, again, pre-dates binding D.C. Circuit precedent in *CREW*—was rendered without the benefit of adequate adversarial testing and instead appears to have rested on the principle of liberally construing the complaints of *pro se* litigants. *Ray*, 672 F. Supp. 2d at 80. In sum, notwithstanding Plaintiff's attempts to avoid binding precedent, the D.C. Circuit has foreclosed Plaintiff's ability to assert his APA claims against the FBI and the ATF here.

Perhaps perceiving that his argument is unavailing, Plaintiff offers the alternative argument that the APA claim against the ATF should be permitted to proceed under the guise that he is permitted to plead alternative theories of liability. This argument, however, fails to grapple with

---

at 266. Plaintiff's operative complaint asserts violations of the latter, not the former. *See* ECF No. 1 ¶¶ 66, 68, 75, 77 (alleging that the FBI and the ATF have "unreasonably delayed" in responding to Plaintiff's FOIA request even though "[t]he FOIA statutes clearly set an expectation of 20 days, which has not been met in this matter").

the line of cases that have held that "[r]emedies that are not as effective can nevertheless be adequate, and the possibility that a plaintiff might fare worse under FOIA does not entitle [him] to bring a claim under the APA." *Chaverra v. Immigr. & Customs Enf't*, Civ. A. No. 18-0289 (JEB), 2018 WL 4762259, at *4 (D.D.C. Oct. 2, 2018) (cleaned up). For purposes of Plaintiff's unexhausted FOIA claim, it matters only that the FOIA itself offers an adequate remedy to Plaintiff, not whether Plaintiff can actually recover his desired relief via that adequate remedy. *CREW*, 846 F.3d at 1245 (collecting cases). And because the FOIA provides Plaintiff with an adequate remedy to obtain records unlawfully withheld in response to a properly perfected FOIA request, section 704 of the APA bars Plaintiff from pursuing an APA claim in this action.

### III.    Counts V and VI are Not Cognizable.

Defendants also demonstrated in their opening memorandum that Plaintiff failed to exhaust administrative remedies against the Office of Government Information Services (a component of the National Archives and Records Administration) (the "Archives"), and the Justice Department's Office of Information Policy because Plaintiff has not alleged that either the Archives or the Office of Information Policy unlawfully withheld agency records in response to a proper FOIA request. *Kissinger v. Reps. Comm. for Freedom of Press*, 445 U.S. 136, 150 (1980). Neither Plaintiff's Complaint (ECF No. 1 ¶¶ 44-46, 48, 50, 58-59, 83-89) nor his opposition (ECF No. 24 at 9-10) contends otherwise. Rather, Plaintiff argues that (1) he is excused from having to exhaust administrative remedies before suing under the FOIA because he never submitted a FOIA request to the Archives or the Office of Information Policy and (2) exhaustion is not a jurisdictional bar. ECF No. 24 at 9-10. Binding precedent forecloses either of these arguments from saving Plaintiff's non-cognizable claims.

That Plaintiff failed to submit a FOIA request to the Archives or the Office of Information Policy—let alone properly exhaust remedies as to one—forecloses his ability to pursue claims

under the FOIA against either.  "[T]he district court . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).  "Under 5 U.S.C. § 552(a)(4)(B) federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.' Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation."  *Kissinger v. Reps. Comm. for Freedom of Press*, 445 U.S. 136, 150 (1980); *see also Thomas v. FCC*, 534 F. Supp. 2d 144, 146 (D.D.C. 2008) ("In the absence of any evidence that plaintiff submitted a proper FOIA request to which [the agency] would have been obligated to respond," the agency "is entitled to judgment as a matter of law."); *LaVictor v. Trump*, Civ. A. No. 19-1900 (TNM), 2020 WL 2527192, at *2 (D.D.C. May 18, 2020) ("A FOIA claim fails if the plaintiff never sent a FOIA request to the agency. This follows from the plain language of the statute.").  Here, Plaintiff has failed to allege that either the Archives or the Office of Information Policy improperly withheld agency records.  Those claims thus are subject to dismissal on those grounds.

Similarly unavailing is Plaintiff's observation that exhaustion is not a jurisdictional bar. While true, this statement of black letter law is of no moment.  Even though exhaustion under the FOIA is jurisprudential and not jurisdictional, it is nonetheless mandatory.  *See Wilbur v. CIA*, 355 F.3d 675, 676 (D.C. Cir. 2004) (exhaustion is "a mandatory prerequisite" to a FOIA lawsuit); *Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003) ("failure to exhaust precludes judicial review if 'the purposes of exhaustion' and the 'particular administrative scheme' support such a bar" (quoting *Oglesby v. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990))); *Dettmann v. Dep't of Just.*, 802 F.2d 1472, 1476 (D.C. Cir. 1986) ("It goes without saying that exhaustion of remedies is

required in FOIA cases."); *see also Fleming v. Dep't of Agric.*, 987 F.3d 1093, 1098-99 (D.C. Cir. 2021) (courts must enforce non-jurisdictional mandatory exhaustion requirements when raised by the government).  Simply put, a FOIA requester fails to exhaust administrative remedies whenever the requester does not comply with the administrative process set forth under FOIA; this includes a failure to submit a proper FOIA request to an agency.  *Evans v. Bureau of Prisons*, 951 F.3d 578, 583 (D.C. Cir. 2020) (quoting 5 U.S.C. § 552(a)(3)(A)) ("[u]nder FOIA, an agency is only obligated to release nonexempt records if it receives a request that 'reasonably describes such records.'"); *CREW v. FEC*, 711 F.3d 180, 185 n.3 (D.C. Cir. 2013) ("duties that FOIA imposes on agencies . . . apply only once an agency has received a proper FOIA request").  Again, Plaintiff has failed to exhaust administrative remedies under the FOIA as to either the Archives or the Office of Information Policy because—as he readily admits—he never submitted a proper FOIA request to them.

Plaintiff fails to cite any statutory authority for his claim against the Office of Information Policy other than general, vague references to the FOIA, *see* ECF No. 1 ¶¶ 84-89, he purports to assert a claim against the Archives for a violation of 5 U.S.C. § 552(h)(3) because the Archives allegedly "never offered Sarno mediation or any other assistance, despite his numerous requests for assistance in getting the FBI to produce the documents it admittedly had possession of."  ECF No. 1 ¶ 81.  Setting aside that Plaintiff's own complaint demonstrates the utter falsity of this allegation—*see id.* ¶ 46 (alleging that the Archives "contacted the [FBI] on your behalf regarding this matter. FBI FOIA officials informed [the Archives] that they anticipate responding to FOIA request no. 1458132-000 in December 2021"); *see also* ECF No. 1-13—it is completely beside the point, because Plaintiff has failed to allege that the Archives has unlawfully withheld any agency records.  *Kissinger*, 445 U.S. at 150; *see also Eames v. United States*, Civ. A. No. 13-0040, 2014

7

WL 4803160, at *3-4 (D. Utah Sept. 26, 2014) (dismissing *pro se* litigant's putative section 552(h)(3) claim for failure to exhaust administrative remedies).

Accordingly, Plaintiff's FOIA claims against the Archives and the Office of Information Policy fail—whether because of Plaintiff's failure to submit a properly perfected FOIA request to the Archives and the Office of Information Policy, or because of his concomitant failure to exhaust administrative remedies related to any such request.

### IV.   The Parties Agree that the Department of Justice Should Be Substituted as Defendant on Count I.

Defendants argued in their opening brief that, once the case is properly narrowed to just Count I, this Court should substitute the Department of Justice as the proper defendant. *Earle v. Dep't of Just.*, 217 F. Supp. 3d 117, 119 n.1 (D.D.C. 2016) (noting split of authority over whether components of agencies are proper FOIA defendants but dismissing the component because the Department of Justice was properly named as a co-defendant).[2]  Plaintiff does not challenge this argument, but instead argues that the Department should be substituted for all six of his claims. For the reasons discussed above and in Defendants' opening memorandum, Counts II through VI should be dismissed for several reasons.  Therefore, substitution is not required for those claims. Accordingly, this Court should follow *Earle* and dismiss the FBI, a component of the Department of Justice, because Plaintiff has properly named the Department as a defendant. *Earle*, 217 F. Supp. 3d at 119 n.1.

---

[2]   Plaintiff misapprehends Defendants' argument on substitution.  Defendants relied on the footnote in *Earle* discussing "whether components of a federal agency are proper parties in a FOIA action." *Earle*, 217 F. Supp. 3d at 119 n.1.  Plaintiff's opposition appears to refer to the separate discussion in *Earle* regarding whether the sufficiency of the allegation that the agency has improperly withheld records is a jurisdictional or merits-based inquiry, *id.* at 123, which is not relevant to any of the basis for dismissal on which Defendants moved.

## CONCLUSION

For all these reasons, and for those in Defendants' opening memorandum, Defendants respectfully request that this Court dismiss Counts II through VI in Plaintiff's Complaint and substitute the Department of Justice for the FBI as the proper defendant for Count I.

Date: December 8, 2023

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK,
Chief, Civil Division

By:   /s/ *Stephen DeGenaro*
STEPHEN DEGENARO
D.C. Bar #1047116
Assistant United States Attorney
601 D St., N.W.
Washington, D.C.  20530
(202) 252-7229
Stephen.DeGenaro@usdoj.gov

*Attorneys for the United States of America*