UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL JOHN SARNO,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civ A. No. 23-0702 (ABJ) |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, the Department of Justice, by and through the undersigned counsel, respectfully submits the following Answer to Plaintiff's Complaint, ECF No. 1, in this Freedom of Information Act ("FOIA") case.[1] Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below.  To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action:

**Overview**

1.   Paragraph 1 contains Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

---

[1]   Defendants Jolene Ann Lauria, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), the Office of Information Policy ("OIP"), and the Office of Government Information Services ("OIGS") were dismissed from this action. *See* October 09, 2024, Order. (ECF 26).

2. Paragraph 2 contains Plaintiff's characterization of his criminal case, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

3. Paragraph 3 contains Plaintiff's characterization of his criminal case, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

4. Paragraph 4 contains Plaintiff's characterization of his criminal case, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

5. Paragraph 5 contains Plaintiff's characterization of his criminal case, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

6. Paragraph 6 contains Plaintiff's characterization of his criminal case, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

7. Paragraph 7 contains Plaintiff's characterization of his criminal case, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

8. Paragraph 8 contains Plaintiff's characterization of his criminal case, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**Parties**

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10. As to the allegations contained in Paragraph 10, Defendant ATF was dismissed from this action. *See* ECF 26.

11. As to the allegations contained in Paragraph 11, Defendant ATF was dismissed from this action. *See* ECF 26.

12. As to the allegations contained in Paragraph 12, Defendant OIP was dismissed from this action. *See* ECF 26.

13. As to the allegations contained in Paragraph 13, Defendant OGIS was dismissed from this action. *See* ECF 26.

14. Defendant denies that the Federal Bureau of Investigation ("FBI") is an agency within the meaning of 5 U.S.C. § 552(f)(1), but admits that it is a component of the Department of Justice, which is subject to the requirements of the FOIA. Defendant also admits the FBI is headquartered at 935 Pennsylvania Ave NW, Washington, DC 20535.

15. The allegations contained in Paragraph 15 consist of legal conclusions to which no response is required.

**Jurisdiction and Venue**

16. Paragraph 16 contains Plaintiff's statement of jurisdiction to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has jurisdiction over this action subject to the terms and limitations of FOIA. As to the Administrative Procedure Act, those claims were dismissed from this action. *See* ECF 26.

17. Paragraph 17 contains Plaintiff's statement of venue to which no response is required. To the extent a response is deemed required, Defendant admits that this is a proper venue for FOIA claims.

18. Paragraph 18 contains Plaintiff's statement of venue to which no response is required. To the extent a response is deemed required, Defendant admits that this is a proper venue for FOIA claims.

19. The allegations contained in Paragraph 19 consists of legal conclusions to which no response is required.

### Mr. Sarno's Campaign for Exculpatory Evidence

20. Paragraph 20 contains Plaintiff's characterization of his criminal case, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

### St. Charles Police Reports Withheld Until 2015

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, appears to contain Plaintiff's characterization of requests for records made to a local police department.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, appears to contain Plaintiff's characterization of requests for records made to a local police department.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, appears to contain Plaintiff's characterization of requests for records made to a local police department.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, appears to contain Plaintiff's characterization of requests for records made to a local police department.

### Undisclosed LaGrange Park Reports That Are the Subject of this Suit

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, appears to contain Plaintiff's characterization of requests for records made to a local police department.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, appears to contain Plaintiff's characterization of requests for records made to a local police department.

### Mr. Sarno's ATF FOIA

27. As to the allegations contained in Paragraph 27, Defendant ATF was dismissed from this action. *See* ECF 26.

28. As to the allegations contained in Paragraph 28, Defendant ATF was dismissed from this action. *See* ECF 26.

29. As to the allegations contained in Paragraph 29, Defendant ATF was dismissed from this action. *See* ECF 26.

30. As to the allegations contained in Paragraph 30, Defendant ATF was dismissed from this action. *See* ECF 26.

31. As to the allegations contained in Paragraph 31, Defendant ATF was dismissed from this action. *See* ECF 26.

### The 2016 FOI Litigation

32. As to the allegations contained in Paragraph 32, Defendant ATF was dismissed from this action. *See* ECF 26.

33. As to the allegations contained in Paragraph 33, Defendant ATF was dismissed from this action. *See* ECF 26.

34. As to the allegations contained in Paragraph 34, Defendant ATF was dismissed from this action. *See* ECF 26.

35. As to the allegations contained in Paragraph 35, Defendant ATF was dismissed from this action. *See* ECF 26.

36. As to the allegations contained in Paragraph 36, Defendant ATF was dismissed from this action. *See* ECF 26.

37.     As to the allegations contained in Paragraph 37, Defendant ATF was dismissed from this action. *See* ECF 26.

38.     As to the allegations contained in Paragraph 38, Defendant ATF was dismissed from this action. *See* ECF 26.

### Mr. Sarno's FBI FOIPA Request

39.     Defendant admits only that Plaintiff submitted an eFOIPA request to the FBI on or around January 24, 2020. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the letter and denies the allegations to the extent that they are inconsistent with the letter.

40.     Defendant admits only that the FBI sent a letter to Plaintiff on July 7, 2020. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the letter and denies the allegations to the extent that they are inconsistent with the letter.

41.     Defendant admits only that it received correspondence from Plaintiff on July 15, 2020. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the letter and denies the allegations to the extent that they are inconsistent with the letter.

42.     Defendant admits only that it sent a letter to Plaintiff on October 28, 2020. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the letter and denies the allegations to the extent that they are inconsistent with the letter.

43.     Defendant admits that an administrative appeal was filed by Plaintiff. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the letter and denies the allegations to the extent that they are inconsistent with the letter.

44. Defendant admits that a Request for Dispute Resolution was sent by Plaintiff on or around January 26, 2021. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the letter and denies the allegations to the extent that they are inconsistent with the letter.

45. Defendant admits only that OGIS sent a letter to Plaintiff dated February 8, 2021. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the letter and denies the allegations to the extent that they are inconsistent with the letter.

46. Defendant admits only that OGIS sent a letter to Plaintiff dated February 8, 2021. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the letter and denies the allegations to the extent that they are inconsistent with the letter.

47. Defendant admits only that it sent a letter to Plaintiff dated February 5, 2021. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the letter and denies the allegations to the extent that they are inconsistent with the letter.

48. Defendant admits only that OIP sent a letter to Plaintiff dated May 5, 2021. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the letter and denies the allegations to the extent that they are inconsistent with the letter.

49. As to the allegations contained in Paragraph 49, Defendant ATF was dismissed from this action. *See* ECF 26.

50. Defendant admits only that Plaintiff sent a letter dated November 4, 2021. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the letter and denies the allegations to the extent that they are inconsistent with the letter.

51. Defendant admits only that it sent a letter to Plaintiff dated November 18, 2021. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the letter and denies the allegations to the extent that they are inconsistent with the letter.

52. Defendant admits only that it sent a letter to Plaintiff dated November 19, 2021. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the letter and denies the allegations to the extent that they are inconsistent with the letter.

53. As to the allegations contained in Paragraph 53, Defendant ATF was dismissed from this action. *See* ECF 26.

54. Defendant admits only that OGIS sent a letter to Plaintiff dated November 22, 2021. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the letter and denies the allegations to the extent that they are inconsistent with the letter.

55. Defendant admits it did not send correspondence to Plaintiff in December 2021.

56. Defendant admits only that Plaintiff sent a letter dated February 15, 2022. The letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the letter and denies the allegations to the extent that they are inconsistent with the letter.

57. Defendant admits only that OIP sent a letter to Plaintiff dated February 17, 2022. The letters speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the letter and denies the allegations to the extent that they are inconsistent with the letter.

58. Defendant admits only that it sent correspondence to Plaintiff dated February 17, 2022, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the correspondence and denies the allegations to the extent that they are inconsistent with it.

59. Defendant admits only that OIP sent a letter to Plaintiff dated May 25, 2022. The letters speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the letter and denies the allegations to the extent that they are inconsistent with the letter.

## Count I
## FBI (FOIA)

60. Defendant incorporates by reference all of its responses to paragraphs 1 through 59 as if fully set out herein.

61. Paragraph 61 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

62. Paragraph 62 consists of legal conclusions and Plaintiff's characterization of their request to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

63. Paragraph 63 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

64. Paragraph 64 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

## Counts II through VI

65-89. Paragraphs 65 through 89 consists of counts that were dismissed from this action, so no response is required. *See* ECF 26.

### Relief Requested

The remainder of the Complaint consists of Plaintiff's requests for relief to which no response is required. To the extent that a response is deemed required, Defendant denies that Plaintiff is entitled to any of the relief requested.

### DEFENSES

Defendant alleges the following additional defenses to the Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff. Defendant may have additional defenses that are not known at this time but may become known through further proceedings. Accordingly, Defendant reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

### First Defense

Defendant's actions or inactions did not violate the FOIA or any other statute or regulation.

### Second Defense

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.

### Third Defense

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

### Fourth Defense

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions of the FOIA or any other federal law.

### Fifth Defense

Defendant has not improperly withheld records requested by Plaintiff under FOIA.

Dated: November 26, 2024
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By: _____/s/_____
    FITHAWI BERHANE
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-6653
    Fithawi.Berhane@usdoj.gov

*Attorneys for the United States of America*

11